## Louisville & N. R. Co. v. Stewart.

June 21, 1940.

James C. Dedman, Judge.

H. T. Lively, J. Miller White, Samuel M. Wilson and I. B. Ross for appellant.

Sawyer A. Smith for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

This appeal is from a judgment for $10,000 for Clyde M. Stewart as damages for personal injuries alleged to have been caused by negligence of appellant. At the time of the accident, appellee, a resident of Nicholas county and an employee of appellant, was the head switchman of a crew of five men who were engaged in the movement and switching of cars in and about appellant's east end yards in Cincinnati, Ohio. The parties were engaged in interstate commerce and the action is under the Federal Employers' Liability Act, 45 U. S. C. A., Section 51 et seq.

Two of the main tracks in the yard run parallel and are connected by a "cross-over" track with switching standards and switches at each end which permit the switching of trains from one main track to the other. As appears from the evidence of appellee the crew had, prior to the accident been engaged in transporting cars to the Pennsylvania railroad yards, a distance of about

half a mile and in so doing appellee opened the switches for the movement of the engine and cars from one of the main tracks to the other and left them open for the return trip. When they returned an hour or so later appellee discovered that the switches had been changed and were against him. He got off the engine, threw the north switch to permit passage of the engine and cars to the other main track and walked on toward the south switch which was likewise changed and while attempting to throw the switch the lever flipped over and a heavy ball on it struck and severely injured one of his feet. Appellee stated that the wheels of the oncoming engine struck the switch and caused it to flip over.

It is first argued that instructions given were prejudicially erroneous. The principal criticism is directed at instruction 1 in that it submitted to the jury an issue not made by pleading. The portion of the instruction complained of imposed upon appellant the duty of exercising ordinary care not to make a cross-over movement from one of the main tracks to the other before both switches of the cross-over were open if the jury should believe from the evidence that prior and at the time of the accident appellant had and maintained a custom that both switches of the cross-over must be open before an engine started to make such cross-over movement.

Appellee's petition is rather lengthy and we therefore refrain from setting it out, but we have carefully considered it and can read out of it only a charge of negligence on the part of appellant in failing to provide appellee a safe place in which to work. There is no allegation of negligence on the part of appellant in the movement or operation of its train or from which an inference of such would necessarily arise. It is therefore manifest that the instruction permitted recovery against appellant for negligence or failure of duty upon its part which is not charged in the petition; and the conclusion is inescapable that this was prejudicial error.

Some question is made of instruction 6 defining contributory negligence. While the instruction may possess the vices attributed to it by appellant, yet if so, we regard it as unfavorable to appellee rather than to appellant. It is further argued that the trial court erred in not sustaining appellant's motion for a peremptory instruction. This contention is based upon the theory

that the evidence did not establish any negligence upon the part of appellant that in any way contributed to or brought about the alleged injuries. Under the Federal Employers' Liability Act the mere happening of an accident is not sufficient to warrant a recovery but there must be a showing by either direct or circumstantial evidence that there was negligence upon the part of the carrier, its agent or servant, in that it owed a care or duty which it failed to exercise. Reed's Adm'x v. Illinois C. R. Co., 182 Ky. 455, 206 S. W. 794; Norfolk & Western R. Co. v. Short's Adm'r, 171 Ky. 647, 188 S. W. 786. Under the Act or under the common law recovery cannot be had for injuries to a railroad employee if the injury was caused solely by the negligence of the employee. Ellis's Adm'r v. Louisville, H. & St. L. R. Co., 155 Ky. 745, 160 S. W. 512. Without entering into a recitation of the evidence, we would say that viewing same in the light of the authorities cited we are strongly impressed with this contention made by appellant, however, since in the event of another trial both pleading and proof may be materially different and the case must be reversed for reasons set out above, we reserve all other questions.

For the reasons indicated the judgment is reversed for a new trial and proceedings in conformity with this opinion.

Whole court sitting except Judge Rees.