Action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., by Andrew Leonard Johnson, a minor, by Moses Johnson, as his next friend, against Atlantic Coast Line Railroad Company, a corporation, for injuries. From an adverse judgment, defendant appeals.
Reversed for a new trial.
Appellee, a seventeen year old boy, was employed by appellant as an "air bleeder" in the railroad yards at Jacksonville and on April 30, 1945, was seriously injured in the performance of his duty. He sued for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., alleging negligence on the part of appellant, and recovered a judgment for $15,000. A new trial was denied and the defendant appealed.
It is first contended that the evidence fails to show negligence on the part of defendant, hence there was no liability to the plaintiff.
Epitomized, the evidence shows that the plaintiff was injured late in the afternoon while he was bleeding a cut of cars, known as the Highway Cut, which had been placed in the yards about fifteen minutes before the accident. The track ran North and South, the locomotive was hitched to the North end of the cut and proceeded to the roundhouse as soon as it was placed. Plaintiff's duty required him to bleed the air from each car, which was accomplished by pulling a lever or turning an angle cock on the side of the car. This released the air pressure in the air drum so that he could proceed to the end of the car and break the air hose, which required him to go between the cars and manipulate the hose in a prone position. There were twenty-one cars in the cut and plaintiff commenced bleeding them at the North end. When he had reached the second or third car from the South end and was breaking the air hose, an engine was attached to the North end about seven hundred feet away and began pulling the cut in a northerly direction before he could right his position and clear the track. In attempting to escape from between the cars he fell across the track so that his right arm was run over and severed at the elbow, his left arm was broken in two places and his left hand was mashed so that only one finger was left and that healed in a stiffened condition so that it is almost useless.
There is other evidence to the effect that the Highway Cut was placed in position about 4:15 P.M., that it was inspected and the journal boxes were marked immediately. Some of the train crew testified that they saw the plaintiff before he was hurt but did not know that he was about the cut at the time the engine was connected to it. When his injury was discovered and the train brought to a stop it had traveled about sixteen car lengths and had attained a speed of six to eight miles per hour.
Defendant contends that the work plaintiff was engaged to perform was by nature hazardous, of which he was advised, and being so, the evidence as thus summarized shows no duty on its part to the plaintiff that it did not meet, and that consequently defendant cannot be held liable for the injury. It is contended in other words, that no probative facts are presented by which negligence on the part of the defendant is shown or may be reasonably inferred. The following cases are relied on to support this contention: Willis v. Pennsylvania R. Co., 2 Cir., 122 F.2d 248, cert. den. 314 U.S. 684, 62 S.Ct. 187, 86 L.Ed. 547; Southern Pac. R. Co. v. Weiand, 309 U.S. 670, 60 S.Ct. 613, 84 L.Ed. 1016; Tennant v. Peoria, etc., R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Tiller v. Atlantic Coast Line R. Co.,318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967.
These cases and others of similar import approve the rule that to recover under the Federal Employers' Liability Act, the burden is on the plaintiff to prove negligence on the part of the defendant and *Page 894 
that such negligence was in whole or in part the proximate cause of the plaintiff's injury. Liability must stem from negligence and not from the mere fact of an injury to the one seeking recovery. Some of the cases do hold that men employed in the railroad yards are on notice that cars or cuts of cars may be switching at any time, that the railroad is not charged with the duty to look out for them, but that they must take care for their own safety. Southern Ry. Co. v. Verelle, 4 Cir., 57 F.2d 1008-1011.
Involved with this contention is the challenge of the plaintiff that the negligence complained of consisted in the failure of defendant to protect the Highway Cut with a blue flag in the manner required by Rule 26, as follows: "Rule 26. A blue signal displayed at one or both ends of an engine, car or train indicates that workmen are under or about it; when thus protected, it must not be coupled to or moved. Each class of workmen will display the blue signals and the same workmen are alone authorized to remove them. Other equipment must not be placed on the same track so as to intercept the view of the blue signals without first notifying the workmen."
It is clear from the evidence that the Highway Cut where plaintiff was working, was not protected by the blue flag. It is also clear that at the time of plaintiff's injury and for some time before, no effort was made to observe the Blue Flag Rule and there is no showing whatever that plaintiff had been instructed as to the observance of the rule. It is perfectly apparent that if the rule had been observed there would have been a blue flag at each end of the Highway Cut and the plaintiff would have been protected as the rule requires.
The plaintiff had been working for the defendant four months at the time he was injured. He avers that he knew nothing about the Blue Flag Rule and had been given no instruction as to its observance. The mere fact of his employment did not put him on notice of the rule and charge him with the penalty for its non-observance.
There is no dispute whatever about the injury to the plaintiff. The question is, whose negligence was responsible for the injury. The Blue Flag Rule contemplates that the plaintiff display the flag at each end of the cut of cars but a seventeen year old boy employed as in this case is entitled to be instructed as to its purpose and use. If defendant failed in this, and plaintiff was injured as a result of such failure, the resulting negligence should not be charged to the plaintiff.
If plaintiff had been properly instructed as to the Blue Flag Rule and had failed to observe it, his negligence should not be charged against defendant. When the locomotive placed the Highway Cut and departed for the roundhouse plaintiff evidently thought he could finish bleeding the cut of cars before it was disturbed. He was also warranted in assuming that a whistle would be blown or a bell would be rung or some other signal would be given before it was moved, yet he says no such signal was given. All this controversy was for the jury to resolve and we cannot say that the conclusion it reached was erroneous.
It is next contended that the trial court committed error in refusing to admit in evidence a written statement alleged to have been made by the plaintiff that was inconsistent with his testimony at the trial. This statement was said to have been made in the presence of the claim agent for defendant when plaintiff was in the hospital recovering from his injury.
We think the trial court properly rejected this statement. It was not signed by the plaintiff, its contents was in dispute, it was denied by the plaintiff, and in fact, was not shown to have ever been in his possession. Under such circumstances it would have been out of step with the impartial dooms of the law to have admitted it in evidence.
Other questions raised go to the giving of a charge to the effect that a verdict might be predicated on the uncorroborated evidence of the plaintiff and refusal of the trial court to give certain charges requested by the defendant. We have examined *Page 895 
these charges and the full charge and harmful error is not revealed.
No reversible error is shown to have been committed so the judgment is affirmed.
Affirmed.
CHAPMAN, ADAMS and HOBSON, JJ., concur.
THOMAS, C.J., SEBRING, J., and WHITE, Associate Justice, dissent.