O'LEARY, Plaintiff-Appellee, v. PENNSYLVANIA RAILROAD COMPANY, a Corporation, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4876. Decided March 12, 1953.

134

Herbert & Dombey, Columbus, for plaintiff-appellee.

Bricker, Marburger, Evatt & Barton, Robert L. Barton, John E. Selby, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff in the sum of $30,000.00. the same being for personal injuries received while in the employment of the defendant as a locomotive fireman. The action was brought under the Federal Employers' Liability Act and it was stipulated in the trial court that the plaintiff was an employee engaged in interstate commerce. Because of errors assigned an analysis of the pleadings becomes necessary; hence we shall quote the operative facts alleged in the petition, which are as follows:

"On or about December 17, 1948, defendant corporation owned and operated a railroad line running between Canton and Columbus, Ohio, and extending to other points both inside and outside of Ohio; that on said date defendant employed plaintiff as a member of the crew of a freight train operating between Canton and Columbus, Ohio; that at about nine o'clock P. M., the said train had reached Millersburg, Ohio, where it stopped for service; that preparatory to pulling the train up a pronounced grade to the south in continuing on to Columbus an extra locomotive of defendant was attached to the front end of the locomotive in which plaintiff was employed and acting as a fireman; that said extra locomotive was operated and controlled by a regular crew. and the locomotive in which plaintiff was stationed was operated and controlled by the engineer; plaintiff further says that the engineer of the locomotive in which he was stationed was in charge and control of the starting and movement of the train, and that under the rules and procedure of the defendant company the crew of the extra locomotive were to await the signal and direction of the engineer in the second locomotive before applying the power and starting ahead.

"Plaintiff says that after he had cleaned the fire and was in the process of hanging up the fire hook, those in charge of the extra locomotive applied the power and started ahead, and that they did so without any prior signal or direction to do so from the engineer in the regular locomotive, and that they did so in such a manner as to cause the second locomotive to jerk and jar in a rough, uneven and unexpected manner; that by reason thereof plaintiff, who was then reaching up to a point above his head and was off balance, was caused to fall over backward and to strike his head and back upon the steel shaker posts and the steel floor, rendering plaintiff unconscious and otherwise injuring plaintiff, which injuries will be hereinafter more specifically set out.

"Plaintiff says that defendant was guilty of negligence, which negligence was the proximate cause of plaintiff's injuries, in the following particulars. to wit:

"1. Defendant negligently caused and permitted the second locomotive to start and to move without any signal from plaintiff or his engineer, and without notice or warning to plaintiff that such movement was about to to take place, all at a time when plaintiff was in an exposed position in performing his duties, as aforesaid.

"2. Defendant negligently caused and permitted the locomotive in which plaintiff was working to start and move in a sudden, rough and uneven manner."

The answer was a general denial.

It is first urged .that the Court erred in giving special instructions Nos. 3, 5 and 6, requested by the plaintiff and objected to by the defendant; and also, in its general charge to the jury.

Special charge No. 3 reads as follows:

"I charge you that in considering the question of whether or not the employer railroad was negligent in this case, the conduct of the employer, its agents and servants, may be viewed as a whole. And in this connection I charge you that the duty owing from the employer toward the employee becomes more imperative as the risk increases. Therefore, if you find by a preponderance of the evidence that the defendant's conduct viewed as a whole warrants a finding that it was negligent, and that any injury to plaintiff resulted in whole or in part from such negligence, then your verdict will be for the plaintiff."

The defendant is contending that this special charge was not restricted to the issues raised by the pleadings; that nowhere is there language which requires the jury in considering the defendant's conduct as a whole. to consider only the conduct as charged in the specific allegations of negligence. We cannot agree with the defendant that the charge is too general for the reason that the evidence must be assumed to have been restricted to the issues and if not, that may be properly assigned as error if objected to. The charge involved an application of the doctrine of what has become known as the "unitary rule of negligence," and which was recognized by the Supreme Court of the United States in the case of the Union Pacific Railroad Company v. Hadley, 246 U. S. 330, the first syllabus of which provides:

"If the defendant's conduct, viewed as a whole, warrants a finding of negligence. the trial court may properly refuse to charge concerning each constituent item mentioned by the declaration, and leave the general question to the jury."

Also, at page 332, in the opinion of Justice Holmes, it is said:

"On the question of its negligence the defendant undertook to split up the charge into items mentioned in the declaration as constituent elements and to ask a ruling as to each. But the whole may be greater than the sum of its parts, and the Court was justified in leaving the general question to the jury if it thought that the defendant should not be allowed to take the bundle apart and break the sticks separately, and if the defendant's conduct viewed as a whole warranted a finding of neglect. Upon that point there can be no question."

The same legal principles are also pronounced in the case of Blair v. Baltimore & Ohio Railroad Co., 323 U. S. 600. It should be noted that the first specification of negligence adopts and includes by reference the factual statements preceding it and thus incorporates the entire chain of events leading to the injury. Under the aforesaid rule the jury could properly consider all of the evidence which tended to support these allegations.

We shall next give consideration to plaintiff's instruction No. 5, which is in the following words:

"I charge you, members of the jury, that if you find by a preponderance of the evidence that the defendant railroad was negligent in any way in the maintenance or operation of its train at the time and place here in question, and that such negligence, if any, in any way proximately contributed to cause injury to the plaintiff, then the plaintiff is entitled to recover damages."

This charge the defendant urges also submits to the jury a question not raised by the pleadings This instruction tells the jury that if they find by a preponderance of the evidence that defendant was negligent in any way "in the maintenance" of its train and such negligence proximately contributed to plaintiff's injuries, then the plaintiff is entitled to recover. It brings into issue the physical maintenance of defendant's train which is not a part of the charge against the defendant in the specific allegations of negligence. Such allegations charge a failure to give a proper signal or warning, and a rough or unusual start, and deal strictly with the actions of plaintiff's fellow servants in the operation of the train. By using the word "maintenance" the jury was invited to consider the physical structure of the locomotive and tender and their constituent parts which were not alleged in the petition to be defective or improperly constructed or maintained. The phrase found in the first special allegation, "all at a time when plaintiff was in an exposed position in performing his duties as aforesaid" merely states what the plaintiff was doing at the time he claims the defendant was negligent. The mere fact of an employee reaching above his head does not raise a question of negligence; nor does the statement that such employee was off balance raise such a question. We are of the opinion that since there was no allegation in the petition of negligence in the maintenance of defendant's train, that it was error to give such instruction and prejudicial to the defendant.

The Court also gave plaintiff's special instruction No. 6 which was objected to and which reads as follows:

"I charge you, members of the jury, that it is always an employer railroad's duty to use reasonable care to furnish the employee with a safe place to work. Said duty of the employer becomes more imperative as the risk to the employee increases. The said duty is a continuing one from which the railroad is not relieved by the mere fact that the employee's work at the place in question may be fleeting or infrequent.

"Therefore, if you find by a preponderance of the evidence here that the defendant did not use reasonable care to furnish this plaintiff with a safe place in which to work, and that the same resulted in whole or in part in injury to this plaintiff, your verdict will be for the plaintiff."

The same objection was made to this instruction, the defendant contending the issue of a safe place to work was not raised by the pleadings. We are unable to find in the petition any allegation that the defendant's equipment, track or roadbed in any manner made the defendant's place unsafe. The fact that the plaintiff was reaching up above his head and off balance does not reflect upon the condition of the place at which the plaintiff was working. To raise such an issue the allegation must contain a statement of an act of omission or commission which would cause harm to the plaintiff. The Ohio law on this fundamental rule of pleading is stated in the second syllabus of **New York, Chicago & St. Louis Railroad Company v. Kistler, 66 Oh St 326:**

"In an action founded upon negligence, the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury; and that statement being made, it is sufficient to aver that such acts were carelessly or negligently done or omitted."

The plaintiff cites the case of **Smith, Admr., v. Pennsylvania Railroad Company, 59 Abs 282, 99 N. E. (2d), 501.** decided by this Court, wherein instructions were given to the jury as to the obligation of the defendant to provide the plaintiff a safe place in which to work. This case is not applicable to the case at bar for the same was specially pleaded. We have examined the bill of exceptions in this case and find that the defendant was charged with negligence as follows:

"3. In failing and neglecting to provide adequate clearance between said tracks for the operation of trains thereon, thereby requiring the decedent to work under dangerous conditions."

"4. In failing and neglecting to provide adequate lights to enable decedent during the night season to discern objects and distances necessary for his welfare and safety in the performance of the duties required of him by the defendant."

Clearly these specifications charge the defendant failed to provide the plaintiff a safe place in which to work. We therefore arrive at the conclusion that the plaintiff's special instructions Nos. 5 and 6 were based upon issues not raised by the pleadings and the question next presented is whether this is error in actions brought under the Federal Employers' Liability Act. We are of the opinion that it is. In such actions authorities seem to hold that the Federal Law controls in questions of substantive law, but on procedural questions the law of the forum must govern. This rule was pronounced in the case of Central Vermont Ry. Co. v. White, 238 U. S. 507, 59 L. Ed. 1433, in which Justice Lamar stated in his opinion:

"Some of the assignments in the present case relate to matters of pleading; others to the admissibility of evidence, to the sufficiency of exceptions, and to various rulings of the trial court which involve no construction of the employers' liability act, and which, therefore, cannot be considered on writ of error from a state court."

The syllabus in the case of Roy v. Oregon Short Line R. Co., 42 Pac. 2d, 476, decided by the Supreme Court of Idaho states the general rule of practice and procedure in state courts;

"A state court hearing a case under the Federal Employers' Liability Act, while bound by the terms of such act as construed by the United States Supreme Court in so far as it relates to substantive law, may proceed in matters of practice and procedure in accordance with local rules and practice of the state."

The same principle is also set forth in the case of Counts v. Thompson, 222 S. W. 2d, 487, decided by the Supreme Court of Missouri:

"This remittitur practice has long been established as a matter of procedure in our courts. * * * The Federal Employers Liability Act authorizes actions to be brought in our courts but does not regulate the rules of practice and procedure. In this case, plaintiff did not obtain a unanimous verdict which would have been required had he brought his action in the United States District Court, but the defendant is not entitled to a new trial on that ground. The question raised 'is a procedural one governed by the law of the forum.' Joice v M. K. T. R. Co., 354 Mo. 439,

189 S W. 2d 568. Our conclusion is that an action under the Federal Employers Liability Act in our courts is subject to the same rules of practice and procedure as any other action, including our remittitur practice."

It is the rule in Ohio that where a plaintiff sets forth specific allegations of negligence he can only submit evidence and recover under the negligence charged in those specific allegations. **29 O. Jur. 608; Winzeler v. Knox, 109 Oh St 503; Railroad v. Lockwood, 72 Oh St 586.** Even though we might be in error as to the law that governs on procedural questions, we do not find any conflict with the federal law on this subject.

In the case of Reynolds v. New York O. & W. Ry. Co., 42 Fed. 2d, 164, decided by Justice Hand, the plaintiff's intestate was killed when the speeder car on which he was riding collided into the rear end of defendant's passenger train. Plaintiff sought to recover against the railroad for failure to send a signalman to the rear of the train when said train was stopped. However, plaintiff later at the trial sought to recover for the negligence of the driver of the speeder car. Judge Hand answered the question on page 167:

"It is, however, contended by the plaintiff that she may recover without regard to any violation of rule or custom by the backing train because Eastwood, who was operating the speed car, was negligent in running it at a high speed and allowing it to collide with the passenger train. But the difficulty with this contention is that the complaint did not seek to recover for the negligence of Eastwood, and, if negligence is to be imputed to defendant by reason of. the acts of Eastwood, it should be amended before a new trial."

See also Norfolk & W. Ry. Co. v. Trautwein, 111 Fed. 2d, 923; Atlantic Coast Line R. Co. v. Johnson, 40 So. 2d, 892; Louisville & N. R. Co. v. Stewart, 283 Ky. 585, 142 S. W. 2d, 119.

We find that the Court committed the same error in its general charge as in special charges Nos. 5 and 6. At page 353 of the record in discussing the issues of the case the Court found one of them to be as follows:

"Did or did not the defendant, the Pennsylvania Railroad Company, exercise ordinary care, that as (is) such care as an ordinarily prudent employer would have exercised, or employed, to provide John H. O'Leary a reasonably safe place to work under all the conditions and surrounding circumstances existing at the time the plaintiff, John O'Leary sustained his injuries, and, if the railroad did not exercise such care, did such failure cause or contribute to cause, such injuries?"

This charge it will be noted submits the safe place to work rule to the jury which we have previously stated was not one of the issues in the case.

We find that the second assignment of error is also well taken for the reason that the Court admitted into evidence over the defendant's objection testimony related to the mechanical parts on the locomotive which related to the issue of a safe place to work and was not raised by the pleadings.

The third assignment of error urges that the Court should have sustained the defendant's motion for a directed verdict at the close of all of the evidence and also should have sustained the motion for a new trial. We have carefully examined the entire record and find that there was conflict in the testimony on the material issues and therefore a jury ques-

tion was presented. The Court did not err in overruling defendant's motion for a directed verdict.

For the reasons previously stated, the motion for a new trial should have been sustained.

The judgment will be reversed and cause ordered remanded for further proceedings according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.