OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION ET AL., APPELLEES, *v.* MORITZ ET AL., APPELLANTS.

(No. 87AP-346—Decided October 6, 1987.)

*Lucas, Prendergast, Albright, Gibson & Newman, James E. Melle* and *John F. Gillespie,* for appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *Rita S. Eppler* and *Richard W. Ross,* for appellants.

YOUNG, J. This matter is before this court upon the trial court's denial of appellants' motion for summary judgment. Appellees, an employee union and eighteen individual state employees, filed this action in 1980, pursuant to Section 1983, Title 42, U.S. Code, seeking a declaration of their constitutional rights, in regard to disciplinary suspensions. This case has endured a long procedural history. It was first filed in the Hamilton County Court of Common Pleas. Appellants requested a change of venue which was granted. Appellees opposed the change of venue and sought an appeal. The appeal was dismissed since the change of venue order did not constitute a final appealable order. The case was remanded to the Hamilton County Court of Common Pleas and notices were

sent stating that the case was set for trial. Appellees did not respond. The court eventually dismissed the matter for want of prosecution pursuant to Civ. R. 41(B)(1). Three years later, appellees filed a motion for relief from judgment based on their claim that they had received no notice. The appellants opposed the motion; however, the motion was granted and the case was transferred to the Franklin County Court of Common Pleas. Appellants then filed a motion for summary judgment which was denied. This appeal followed.

Appellants assert the following as their sole assignment of error:

"The trial court erred in denying defendants-appellants' good faith immunity defense where defendants-appellants violated no clearly established constitutional rights."

Appellants assert that the trial court's denying their motion for summary judgment is a final appealable order based on the holding in *Mitchell* v. *Forsyth* (1985), 472 U.S. 511, 530, where the United States Supreme Court held:

"Accordingly, we hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."

The general rule is that the denial of a motion for summary judgment is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits. Section 1291, Title 28, U.S. Code.

However, the *Mitchell* case carves out an exception to this general rule. *Mitchell* was a suit arising out of the allegedly unconstitutional conduct of the United States Attorney General in the performance of his national security functions. The *Mitchell* court explains that the claim of immunity is conceptually distinct from the merits of the plaintiff's claim since it involves the entitlement of an official not to be forced to litigate the consequences of his or her official conduct. See *Mitchell, supra,* at 524-530. Therefore, to the extent that a case involving a defense of qualified immunity turns on an issue of law, a denial of summary judgment based on this claim is an immediately appealable issue within the federal court system. See *Mitchell, supra.*

Although the facts before this court present a federal question and appellants are able to assert federal defenses to the federal claims against them, the state of Ohio is not bound by the federal procedural rules. See *Erie RR. Co.* v. *Tompkins* (1938), 304 U.S. 64; *O'Leary* v. *Pennsylvania RR. Co.* (App. 1953), 70 Ohio Law Abs. 133, 138, 127 N.E. 2d 877, 881. Appellant has cited no case law to demonstrate to this court that the holding in *Mitchell* is binding upon this state appellate court in a case involving state employees, state officials and the interpretation of a state statute. Furthermore, a mere assertion of qualified immunity, without affidavits or other evidential support, is not consistent with the criteria as set forth in *Mitchell.* Although the state court is bound to follow the United States Supreme Court's interpretation of the substantive law regarding Section 1983 cases, the procedural practice in Ohio is that a denial of summary judgment is not a final appealable order. R.C. 2505.02; *State, ex rel. Overmeyer,* v. *Walinski* (1966), 8 Ohio St. 2d 23, 37 O.O. 2d 358, 222 N.E. 2d 312. Therefore, appellants' assertion that federal case law creates new state procedural law, *i.e.,* an appealable order from a decision to deny a summary judgment motion, is unfounded. See *Robinson* v. *Beaumont* (1987), 291 Ark. 477, 725 S.W. 2d 839.

Assuming, *arguendo,* that ap-

pellants' argument did have merit, the narrow holding of *Mitchell* would not be applicable to the facts before this court. The standard to determine whether an official is entitled to the protection of qualified immunity is stated in *Harlow* v. *Fitzgerald* (1982), 457 U.S. 800, 817-818:

"* * * [W]e conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery. We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow* holds that until the threshold question of immunity is resolved, whether the law or right which the official is alleged to have violated was clearly established at the time of the appeal violation and whether a reasonable person would have known about it, the official should not be burdened with the additional costs of litigation.

In the facts at bar, appellees assert in their allegations that appellants committed violations of clearly established federal and state constitutional rights to due process. See Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I, Ohio Constitution. Appellees assert in their complaint:

"All Plaintiffs and all members of the class, were suspended from employment without proper, advance written notice of the charges, were not given an opportunity to present facts or evidence on their behalf, produce other witnesses, or cause unwilling witnesses to appear at a hearing to determine just cause for suspension from employment. None received a written decision with reasons for suspension based upon the evidence produced."

Appellees have met the first criterion, as set forth in *Harlow,* by alleging in their complaint that appellants violated a clearly established right to due process of law. The issue then becomes whether a reasonable administrator would have believed that the employee in violation of a rule was entitled to due process before a suspension was issued. However, given the fact that there has been no discovery, there is insufficient evidence before this court to make a determination as to whether appellants are entitled to invoke the qualified immunity defense and be protected from litigation. *Mitchell, supra.* Furthermore, even if there were sufficient evidence to make this determination, in construing what little evidence there was before the trial court in the light most favorable to appellees, the refusal to grant appellants' request for summary judgment does not determine the issue or prevent a judgment from which an appeal may be taken in this case. Therefore, while the state court hearing a Section 1983 case is bound by the terms of such statute as construed by the United States Supreme Court as it relates to substantive law, it may proceed in matters of practice and procedure in accordance with local rules and the civil procedural practice of the state. *O'Leary, supra.*

Accordingly, the matter before this court is not a final appealable order and appellees' motion to dismiss is sustained.

*Motion to dismiss sustained.*

STRAUSBAUGH, P.J., and BOWMAN, J., concur.