Brown, C.J.,
dissenting.
{¶ 43} Today the majority holds that the denial of qualified immunity in a Section 1983, Title 28, U.S.Code action in state court that disposes of less than all claims against all parties is immediately appealable. Because the statute governing the appealability of an order denying a political subdivision or its employee the benefit of immunity from liability does not apply to civil claims based upon alleged violations of federal statutes, I respectfully dissent.
{¶ 44} R.C. 2744.02(C) provides:
{¶ 45} “An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.”
{¶ 46} Appellants claim that the phrase, “or any other provision of the law,” means that the statute applies to actions brought under federal law, including Section 1983 actions in Ohio courts. Appellants bolster their argument with the definition of “laws” in R.C. 2744.01(D), which provides:
{¶ 47} “ ‘Law5 means any provision of the constitution, statutes, or rules of the United States or of this state * *
{¶ 48} Thus, according to appellants, the phrase “or any other provision of the law” in R.C. 2744.02(C) expressly includes federal laws, such as Section 1983, by operation of the definition of “law” in R.C. 2744.01(D).
{¶ 49} However, R.C. 2744.09(E) prohibits application of any statute in R.C. Chapter 2744, including R.C. 2744.02(C), to a cause of action under federal law, such as the federal statutory causes of action at issue here. R.C. 2744.09(E) provides:
{¶ 50} “This chapter does not apply to, and shall not be construed to apply to, the following:
{¶ 51} “ ***
*232 {¶ 52} “(E) Civil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions.”
{¶ 53} Thus, under the express terms of R.C. 2744.09, the chapter does not apply to claims brought under federal law.
{¶ 54} I recognize that there is a tension between these two statutes, but unlike the majority, I do not find these two statutes irreconcilable. A reasonable construction of these two statutes would be a harmonizing construction, under which an order denying immunity may be appealed immediately under R.C. Chapter 2744 or any other provision of law, except those provisions expressly exempted from the chapter by R.C. 2744.09(E). Accordingly, R.C. Chapter 2744 and its procedural dictates do not apply to civil claims based upon alleged violations of federal constitutional or statutory law. This reading is reasonable, harmonizes both statutes, and avoids the majority’s resort to a rule of statutory construction that renders the language of R.C. 2744.09(E) meaningless.
{¶ 55} Accordingly, we should apply the ordinary rules regarding final, appeal-able orders to this case. For an order to be appealable, it must satisfy both R.C. 2505.02 and Civ.R. 54. Under the general rules, a court of appeals first applies R.C. 2505.02(B)(1) to determine whether the order “affects a substantial right and whether it in effect determines an action and prevents a judgment.” Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. If the trial court order is determined to be “final” under R.C. 2505.02, the court of appeals looks for certifying language from the trial court as required by Civ.R. 54(B) that “there is no just reason for delay.” Id. The trial court’s use of Civ.R. 54(B) certification is a matter of discretion. Id.
{¶ 56} The order in this case is not a final order under R.C. 2505.02 and Civ.R. 54, because it is lacking the certification required by Civ.R. 54. Thus, it fails to meet the procedural criteria of the final order analysis.
{¶ 57} And the order fails to qualify in substance as a final order under R.C. 2505.02 as well. As a number of courts of appeals have already determined, an order denying qualified immunity under Section 1983 on a motion for summary judgment is not a final order, because it “merely postpones the final disposition of both the immunity claim and the merits of the case until trial.” Martynyszyn v. Budd, 7th Dist. No. 03-MA-250, 2004-Ohio-4824, 2004 WL 2029320, ¶ 17; Ohio Civ. Serv. Emp. Assn. v. Moritz (1987), 39 Ohio App.3d 132, 133, 529 N.E.2d 1290; Shane v. Tracy, (Aug. 24, 2000), 8th Dist. No. 77025, 2000 WL 1222016. Thus, the order is not final under R.C. 2505.02(B)(1), because it does not “determine} ] the action and prevent} ] a judgment.”
*233 Law Offices of Marc Mezibov and Marc D. Mezibov, for appellee.
Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, and Jay D. Patton, for appellants.
Schottenstein, Zox & Dunn Co., L.P.A, Stephen L. Byron, Rebecca K. Schal-tenbrand, and Stephen J. Smith; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.
Dinkier Pregón, L.L.C., Lynette Dinkier, and Jamey T. Pregón, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Conclusion
{¶ 58} For the foregoing reasons, I would construe R.C. 2744.02(C) and 2744.09(E) in a manner that would harmonize and give effect to both. In my view, the phrase “any other provision of the law” in R.C. 2744.02(C) is limited to those provisions of law that apply to the chapter under R.C. 2744.09(E). I would hold that the city and its officers have no right to appeal the trial court’s order because it was not a final, appealable order, and I would affirm the dismissal of this case by the court of appeals.
Pfeifer and Lanzinger, JJ., concur in the foregoing opinion.