**WHITE et al., Appellants,**

v.

**RHODES et al., Appellees.**

[Cite as *White v. Rhodes* (1992), 79 Ohio App.3d 257.]

Court of Appeals of Ohio,
Montgomery County.

No. 12877.

Decided April 15, 1992.

*Jeffrey R. McQuiston,* for appellants.

*Frederick Davis, Jr.,* for appellee Virgil Rhodes.

*Patrick K. Dunphy,* for appellee Dayton Board of Education.

FAIN, Presiding Judge.

Plaintiffs-appellants David A. and Cheryl L. White appeal from summary judgments rendered in favor of defendants-appellees Virgil E. Rhodes and the Dayton Board of Education. The Whites contend that the trial court erred by relying upon a release executed by their daughter, Cynthia L. White, in rendering summary judgment in favor of Rhodes and the board. Based on the recent case of *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 585

N.E.2d 384, we agree with the Whites that their daughter's release did not bar their claims. Furthermore, we conclude that there are genuine issues of material fact precluding summary judgment. Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

The Whites brought this action on their own behalf, and on behalf of their daughter, who was then a minor. The Whites allege that Rhodes, an employee of the board, seduced their daughter, a high school student, as a result of which both they and she sustained damages.

The day after the complaint was filed, Cynthia White reached the age of majority.

Rhodes moved for summary judgment, relying both upon a release executed by Cynthia White, and an affidavit executed by her, the full text of which is as follows:

"CYNTHIA L. WHITE being first duly sworn and cautioned says:

"1. She has been named as a plaintiff in a lawsuit styled David A. White, et al. vs. Virgel [sic] E. Rhodes, et al. ni [sic] the captioned case.

"2. She understands that this case has been filed by her father, David A. White, on her behalf a [sic] his minor child.

"3. She is not a minor being of eighteen (18) years of age and fully emancipated from the household of her parents.

"4. She has never met Jeffrey McQuiston [the plaintiffs' attorney of record], and has no desire that he represent her in any capacity whatsoever.

"5. She has never authorized her parents, David and Cheryl White, to file any action on her behalf against Virgel [sic] E. Rhodes.

"6. The allegations of damage which it is claimed she suffered as contained in the Complaint which is attached hereto as Exhibit 'A' are entirely false and without merit. She is totally unaware of any damage, psychological or otherwise, which she can attribute to Virgel [sic] Rhodes.

"Further, Affianty [sic] sayeth naught."

The board also filed a motion for summary judgment. In its motion, the board relied upon Cynthia White's release, but did not purport to rely upon her affidavit.

The Whites did not submit affidavits or other evidentiary material in opposition to the motions for summary judgment.

The trial court granted both motions for summary judgment, relying in each case upon the release executed by Cynthia White, then of the age of majority.

The trial court reasoned that the Whites' claims, being derivative, were barred by their daughter's release.

The trial court's decision with respect to Rhodes' motion for summary judgment was rendered on March 29, 1991. Before the trial court rendered a decision with respect to the board's motion for summary judgment, the Whites filed a motion to reconsider the trial court's decision to grant Rhodes' motion for summary judgment. The trial court denied the motion to reconsider based upon its conclusion that it no longer had jurisdiction over the claim against Rhodes.

The Whites appeal from the summary judgments rendered against them and also from the denial of their motion to reconsider the summary judgment rendered in favor of Rhodes.

## II

The Whites' first assignment of error is as follows:

"The trial court erred in dismissing plaintiffs-appellants' claim against Virgil E. Rhodes and the Dayton Board of Education for loss of services, comfort and society on the basis of a release executed by their child."

The trial court relied, and Rhodes and the board presently rely, upon the release executed by Cynthia White. The trial court reasoned that because the claims of Mr. and Mrs. White, as Cynthia's parents, were derivative, those claims were extinguished by Cynthia's release. The trial court further concluded that that release was effective, in view of the fact that it was executed after Cynthia had reached the age of majority and had become fully emancipated.

We conclude that the trial court's reasoning is no longer viable in view of *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 585 N.E.2d 384. In that case, the Supreme Court rejected a similar argument that a husband's release barred his wife's claim for loss of consortium, since a claim for loss of consortium is a derivative claim. The Supreme Court held that the wife had an independent cause of action for loss of consortium, and her husband's release could not bar her claim. The Supreme Court noted that it had not been called upon to determine whether the claims of the husband's minor children for loss of consortium were barred by their father's release.

In the case before us, the issue is whether a parent's claim for loss of consortium and for other damages resulting from injury to a child is barred by a release executed by the child upon attaining the age of majority and becoming emancipated. We see no reason to distinguish the claims of a parent for loss of consortium and for other damages arising as a result of a

tortious injury to a child from the claims of the wife for loss of consortium in *Bowen v. Kil–Kare, Inc.* In either case, the claim is derivative in the sense that it would not exist but for the tortious injury to the husband or child. Nevertheless, the Supreme Court appears to have held that these are claims in which the spouse or parent has a vested right that cannot be compromised by the other spouse or by the child executing a release.[1]

Because we cannot rationally distinguish *Bowen v. Kil–Kare*, we conclude that the trial court erred when it held that Cynthia White's release barred her parents' claims.

Rhodes argues that he is, nevertheless, entitled to summary judgment because Cynthia White was not injured by the alleged seduction, he supported that argument with Cynthia White's affidavit containing an averment to that effect, and the Whites did not contradict that averment. Therefore, Rhodes argues that he has established, for purposes of summary judgment, that there were no damages, even if Cynthia White was the victim of a tortious seduction.

■ Cynthia White's affidavit does not contain an averment that the seduction did not occur. She simply averred that she sustained no injury. The Whites alleged that they sustained damages as a result of their daughter's seduction. Among other things, the Whites have alleged that they expended money for psychological services in an effort to determine whether, and to what extent, their daughter had been injured by her having been seduced by Rhodes. Even if Cynthia White did not, in fact, sustain any injury as a result of the seduction, a jury might well find that some expenditure for psychological services became reasonably necessary, as a result of the tortious seduction, in order to determine whether, and to what extent, Cynthia White had been injured. That would appear to be a legitimate component of damages sustained by the Whites, with respect to their daughter's tortious seduction.

It should be noted that the Whites have alleged other damages that they sustained as a result of their daughter's tortious seduction. We need not now determine which, if any, of these other claimed damages are legitimate. It is enough to find that there is a genuine issue of material fact which precludes summary judgment.

---

1. Indeed, *Bowen v. Kil–Kare, Inc.* is a weaker case for the existence of a vested right on the part of the person aggrieved by an injury to a related person. In *Bowen v. Kil–Kare*, the husband executed the release *before* he was injured. Thus, it could be argued that his wife's vicarious claim never vested. In the case before us, the Whites' claims vested before their daughter executed a release.

■ Finally, if a jury were to find that a tortious seduction occurred, the Whites would at least be entitled to nominal damages and, therefore, the recovery of their costs. *First Natl. Bank v. Western Union Tel. Co.* (1876), 30 Ohio St. 555, 568. See, also, *Famera v. Custom Designers, Inc.* (Aug. 7, 1991), Montgomery App. No. 12414, unreported, 1991 WL 227740.

The Whites' first assignment of error is sustained.

### III

The Whites' second assignment of error is as follows:

"The trial court erred in holding that it was without jurisdiction to consider a motion for reconsideration of its decision on summary judgment where the prior order was not a final appealable order."

■ Civ.R. 54(B) provides a mechanism whereby a trial court may certify a judgment as to one or more but fewer than all of the claims or parties in the case before it for immediate review by an appellate court. There was no such certification in this case. The concluding sentence of Civ.R. 54(B) is as follows:

"In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.*" (Emphasis added.)

We agree with the Whites that the trial court erred in holding that it was without jurisdiction to reconsider the partial summary judgment that it had previously rendered in favor of Rhodes. Unless a determination of no just reason for delay is entered pursuant to Civ.R. 54(B), a disposition of fewer than all of the claims in an action, no matter how that disposition is denominated, remains interlocutory and subject to revision.

The Whites' second assignment of error is sustained.

### IV

Both of the Whites' assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.