MEMORANDUM OPINION
{¶ 1} On June 16, 2003, appellant, Cortland Savings and Banking Company, filed a notice of appeal from a May 19, 2003 judgment of the Ashtabula County Court of Common Pleas. In that judgment, the trial court granted summary judgment in favor of appellee, ADF Construction Corp., and against appellant in the amount of $400,000 under the terms of a letter of credit. However, eleven other defendants are still pending in this case, and there was no express determination that there was no just cause for delay.
 {¶ 2} On August 29, 2003, this court issued a judgment entry ordering appellant to show cause why this appeal should not be dismissed for lack of a final appealable order pursuant to Civ.R. 54(B). On September 12, 2003, appellant filed a response to our entry in which it indicated that it was unsure whether a final appealable order existed.
 {¶ 3} Civ.R. 54(B) provides:
 {¶ 4} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 5}
In the present case, appellant's claims against eleven defendants are still pending. The trial court did not include an express determination that there was no just cause for delay. Under these circumstances, there is no final appealable order. See White v. Rhodes (1992),79 Ohio App.3d 257, 262.
 {¶ 6} Accordingly, this court is without jurisdiction to consider this appeal.
 {¶ 7} The appeal is dismissed.
Appeal dismissed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.