JACKSON, Appellee,

v.

CITY OF COLUMBUS, Appellant.

[Cite as *Jackson v. Columbus,* 156 Ohio App.3d 114, 2004-Ohio-546.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–634.

Decided Feb. 3, 2004.

Thompson Hine, LLP, Charles E. Ticknor, Paul Giorgianni, Scott A. Campbell and Eva C. Gildee; Wolman & Genshaft and Benson A. Wolman, for appellee.

Richard C. Pfeiffer Jr., City Attorney, and Glenn B. Redick, for appellant city of Columbus.

Squires, Sanders & Dempsey, LLP, and Philomena M. Dane, for Gregory Lashutka.

Porter, Wright, Morris & Arthur, LLP, and Kathleen M. Trafford, for Thomas W. Rice Sr.

---

PEGGY BRYANT, Judge.

{¶ 1} Pursuant to R.C. 2744.02(C), defendant-appellant, city of Columbus ("city"), appeals from the June 6, 2003 decision and entry of the Franklin County Court of Common Pleas granting in part and denying in part summary judgment to the city on the defamation claims that plaintiff-appellee, James G. Jackson, the city's chief of police ("chief"), brought against the city. The city presents a single assignment of error:

> "The trial court committed prejudicial error when it partially overruled defendant-appellant city of Columbus' motion for summary judgment. The trial court's error is reflected in its decision and entry of June 6, 2003, wherein the court ruled that 'public figure defamation is not necessarily an intentional tort since actual malice can be proved by proving recklessness.' "

{¶ 2} Because the order appealed is not a final appealable order, this court lacks jurisdiction to consider the merits of the city's appeal. On July 17, 2001, the chief filed a complaint for defamation against the city, its former mayor, and its safety director. The complaint's allegations stemmed from statements contained in a Mayoral Investigative Report released to the public in July 1997 that allegedly defamed the chief with respect to the performance of his official duties for the city.

{¶ 3} On February 14, 2003, the city filed a motion for summary judgment, asserting that it was entitled to statutory immunity pursuant to R.C. Chapter 2744, the Political Subdivision Tort Liability Act. Within that chapter, R.C. 2744.02 provides that, subject to certain enumerated exceptions, a political subdivision, such as the city, is generally not liable for damages from injury, death, or loss to persons or property incurred in connection with the performance of a governmental or propriety function of the political subdivision.

{¶ 4} In a June 6, 2003 decision entered on the city's motion, the trial court noted that the tort of defamation against a public figure, such as the chief, requires proof of "actual malice," specifically, proof that " 'the [allegedly defamatory] statement was made with * * * knowledge that it was false *or with reckless disregard of whether it was false* * * *.' " (Emphasis supplied in Decision at 4, citing *New York Times Co. v. Sullivan* [1964], 376 U.S. 254, 279–280, 84 S.Ct. 710, 11 L.Ed.2d 686; *Wampler v. Higgins* [2001], 93 Ohio St.3d 111, 114–115, 752 N.E.2d 962.)

{¶ 5} Applying those parameters, the trial court granted summary judgment to the city on the issue of immunity to the extent any actual malice is found to be intentional or made with knowledge that the statements were false. The trial court, however, denied summary judgment to the city on its claim of immunity to the extent that the element of malice is found not to be "intentional" but is instead satisfied by the definition's alternative standard of "recklessness": reckless disregard of whether the statements were false. The court expressly noted that its decision and entry is not a final judgment entry because the decision does not resolve all of the issues in this case.

{¶ 6} On June 20, 2003, the city appealed from the trial court's June 6, 2003 decision and entry, citing R.C. 2744.02(C) as the jurisdictional basis of its appeal. After the parties had briefed the appeal on the merits, on December 31, 2003, the chief filed a motion with this court under App.R. 15(A) to dismiss the city's appeal, contending that this court lacks jurisdiction over the appeal because R.C. 2744.02(C) is inapplicable and that the June 6, 2003 decision is not otherwise a final appealable order under R.C. 2505.02.

{¶ 7} Before we address the merits of the city's assignment of error, we first must address the chief's motion to dismiss and determine whether the order appealed, the trial court's partial denial of the city's motion for summary judgment, properly is before this court for consideration. In that regard, we note that the trial court arguably did not decide the city's immunity but rather advised of the legal principles it would apply to forthcoming evidence. For purposes of the city's appeal, however, we will assume, without deciding, that the trial court granted in part and denied in part the city's proposition that it is immune from liability.

{¶ 8} This court's appellate jurisdiction is limited to the review of "judgments or final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 185, 743 N.E.2d 901. If the order appealed from is not a final appealable order under R.C. 2505.02, we are without jurisdiction to entertain the appeal and must dismiss it without reaching the merits. Id. at 186, 743 N.E.2d 901.

{¶ 9} Generally, the denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02 and is thus not subject to immediate appeal. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 554 N.E.2d 1292; *Stevens*, supra; *Tignor v. Franklin Cty. Bd. of Commrs.* (Apr. 27, 2000), Franklin App. No. 99AP–571, 2000 WL 490693, affirmed (2001), 91 Ohio St.3d 205, 743 N.E.2d 917; *Klein v. Portage Cty.* (2000), 139 Ohio App.3d 749, 745 N.E.2d 532. In accord with the general rule, the denial of a summary judgment motion is generally not final and appealable where, as here, the motion is premised upon the assertion of immunity from liability in a defamation action. *Celebrezze*, supra. Even if a trial court includes Civ.R. 54(B) language that "there is no just reason for delay," its otherwise non-final order denying summary judgment does not become a final appealable order where factual and liability determinations have yet to be resolved, as in this case. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 95–97, 540 N.E.2d 1381.

{¶ 10} In an effort to circumvent the general principles governing the appeal of denied summary judgment motions, the city cites R.C. 2744.02(C) as the jurisdictional basis for its appeal. Paragraph (C) was added to R.C. 2744.02 in the legislature's enactment of 2000 S.B. No. 106 ("S.B. 106"), effective April 9, 2003, that amended various statutes. Pursuant to S.B. 106, R.C. 2744.02(C) provides:

"An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 11} Relying on *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 721 N.E.2d 28, the city contends that R.C. 2744.02(C) is a remedial statute that is to be applied retroactively to pending causes of action, including the instant claim against the city. The city's assertion is without merit. The Ohio Supreme Court in *Bielat* acknowledged the statutory presumption in R.C. 1.48 that " '[a] statute is presumed to be prospective in its operation unless expressly made retrospective.' " 87 Ohio St.3d at 353, 721 N.E.2d 28. The Supreme Court, however, concluded that a statute may nonetheless operate retroactively where a court determines that (1) the legislature has expressed its intent that the statute is to operate retroactively, and (2) the statute is remedial in nature. *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28. The court noted that the second factor is not

reached or considered unless a threshold determination is first made that the General Assembly expressly intended the statute to apply retroactively. Id. See, also, *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 14 (stating that "absent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only").

{¶ 12} In enacting S.B. 106, the legislature did not express any intent that R.C. 2744.02(C) is to operate retroactively; nor did it indicate that R.C. 2744.02, as amended, applies to pending cases in which the cause of action accrued prior to the effective date of the Act, April 9, 2003. Cf. *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 744 N.E.2d 708. To the contrary, in uncodified law in Section 3 of S.B. 106, the General Assembly specifically stated that R.C. 2744.02 and other statutes *"as amended by this act, apply only to causes of action that accrue on or after the effective date of this act.* Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued." (Emphasis added.)

{¶ 13} The legislative statements contained in the uncodified law in Section 3 of S.B. No. 106 unequivocally express the legislative intent that R.C. 2744.02(C) is to operate prospectively, not retroactively, and is to apply to a plaintiff's cause of action that accrues on or after, not before, the effective date of the Act. *LaSalle,* supra. Moreover, the "causes of action" the legislative statements refer to include underlying actions, or lawsuits, pending before a court. See Black's Law Dictionary (7th Ed.1999). In this case, the "cause of action" is the chief's claim for defamation against the city. The "cause of action" is not, as the city suggests, its right to appeal from the trial court's June 6, 2003 order partially denying immunity to the city.

{¶ 14} In the final analysis, the chief's cause of action for defamation against the city accrued in July 1997, when the Mayoral Investigative Report was issued. The complaint was filed on July 17, 2001. The effective date of R.C. 2744.02(C) as enacted by S.B. 106 was April 9, 2003. Because the instant cause of action for defamation accrued prior to the effective date of R.C. 2744.02(C), the statute does not provide a jurisdictional basis for this court to consider the merits of the city's appeal.

{¶ 15} The city nevertheless asserts that, even if R.C. 2744.02(C) as enacted by S.B. 106 is inapplicable, the city has a right to appeal from the denial of immunity under "the law in effect when the cause of action accrued." (Reply Memorandum, 5.) Specifically, the city contends that at the time the chief's cause of action for defamation accrued in July 1997, the Ohio Supreme Court had not yet declared former R.C. 2744.02(C) unconstitutional, as previously enacted by Am.Sub.H.B. No. 350 ("H.B. 350"), effective January 27, 1997. The city asserts

that former R.C. 2744.02(C), which was identical to R.C. 2744.02(C) presently in effect, therefore was operational at the time the chief's cause of action for defamation accrued in July 1997.

{¶ 16} Contrary to the city's contentions, when the Ohio Supreme Court declared H.B. 350 unconstitutional in toto, including the attempted enactment of R.C. 2744.02(C), it thereby rendered the legislative enactment wholly invalid, or a nullity, as if it were never in effect. *Stevens,* 91 Ohio St.3d at 191, 743 N.E.2d 901; *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three of the syllabus. See, also, *Klein,* 139 Ohio App.3d at 752, 745 N.E.2d 532, citing *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 77, 630 N.E.2d 368 (concluding that a decision of the Supreme Court striking down a statute as unconstitutional is generally given retrospective application). The law relative to the appealability of orders denying immunity to political subdivisions effectively was returned to the status that existed prior to the legislature's attempted adoption of R.C. 2744.02(C) in H.B. 350. *Klein,* supra. At that time, an order denying a political subdivision's motion for summary judgment predicated on immunity was not deemed to be a final appealable order. See *Celebrezze; Stevens; Tignor; Klein; Jones v. Springfield Twp.* (1999), 134 Ohio App.3d 832, 732 N.E.2d 476.

{¶ 17} Accordingly, this court does not have jurisdiction to consider the city's appeal pursuant to R.C. 2744.02(C) or 2505.02 due to the lack of a final appealable order. We therefore grant the chief's motion to dismiss filed on December 31, 2003.

{¶ 18} Finally, pursuant to App.R. 23 and R.C. 2323.51(B), the chief, on January 26, 2004, filed a motion for attorney fees and costs incurred in defending this appeal. Although we have determined that this court lacks jurisdiction because the order appealed by the city is not a final appealable order, the appeal does not warrant an award of attorney fees and costs under either App.R. 23 or, if it be applicable, R.C. 2323.51(B). Accordingly, the motion for attorney fees and costs under App.R. 23 and R.C. 2323.51(B) is denied.

Motion to dismiss granted,
motion for attorney fees and costs denied
and appeal dismissed.

BROWN and WATSON, JJ., concur.