MEMORANDUM OPINION
{¶ 1} On November 17, 2003, appellant, George Beam, filed a notice of appeal from an October 20, 2003 decision of the Lake County Court of Common Pleas. In that Judgment, the trial court determined, inter alia, that appellee, city of Mentor, was entitled to immunity as a political subdivision pursuant to R.C.2744.02 (A)(1).
 {¶ 2} On December 15, 2003, appellee filed a motion to dismiss this appeal pursuant of Civ.R. 54(B). Specifically, appellee argues that since the trial court did not make an express finding that there was no just cause for delay, and since not all parties have been disposed of, the trial court's judgment does not constitute a final appealable order. Appellant has not filed a response.
 {¶ 3} Civ.R. 54(B) provides:
 {¶ 4} "When more than one claim for relief is presented in an action whether as a claim, counter-claim, cross claim, or third party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer that all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 5} In the present case, while the trial court granted summary judgment to appellee, there are two other defendants that still remain and the trial court did not make an express determination that there was no just cause for delay. Under these circumstances, there is no final appealable order. See White v.Rhodes (1992), 79 Ohio App.3d 257.262.
 {¶ 6} We note that under R.C. 2744.02(C), if the same issue arose today in a case where the cause of action accrued after the effective date of the statute, April 9, 2003, the outcome would be different. However, R.C. 2744.02(C) is not to be applied retroactively. See Jackson v. Columbus (Feb. 3, 2004), 10th Dist. No. 03AP-634, 2004 Ohio App. LEXIS 365.
 {¶ 7} Based upon the foregoing analysis, appellee's motion to dismiss this case is hereby granted.
 {¶ 8} The appeal is dismissed.
Appeal dismissed.
Ford, P.J., and O'Neill, J., concur.