MEMORANDUM OPINION
{¶ 1} On March 18, 2004 this court issued a judgment ordering appellant, Maplewood Local Board of Education, to show cause why this appeal should not be dismissed. Specifically, this court questioned jurisdiction based upon the general rule that the denial of a motion for summary judgment does not constitute a final appealable order. R.C. 2505.02; Celebrezze v. Netzley
(1990), 51 Ohio St.3d 89; Klein v. Portage County (2000),139 Ohio App.3d 749. Additionally, in Jackson v. City of Columbus,2004-Ohio-546, the Tenth District Court of Appeals held that R.C.2744.02(C), which became effective April 9, 2003, and which made the denial of a motion for summary judgment based upon sovereign immunity a final order, did not apply to a cause of action that accrued before the effective date of the statute.
 {¶ 2} Appellant, filed a brief in support of jurisdiction on April 2, 2004, along with a motion for oral argument on the issue of jurisdiction. There is no need for oral argument on this issue so appellant's motion in that regard is hereby overruled.
 {¶ 3} Appellant argues that the Jackson decision ignores prior case law which reached an opposite conclusion with respect to whether R.C. 2744.02(C) was to be applied prospectively only. However, the cases cited by appellant are distinguishable from the case sub judice. Both cases involved an earlier version of R.C. 2744.02(C), which was part of Am. Sub. H.B. 350, and which was determined to be unconstitutional by the Supreme Court of Ohio in State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451, paragraph three of the syllabus.
 {¶ 4} While the pertinent portions of the statute were not changed when the recent version of R.C. 2744.02 was enacted, in uncodified law in Section 3 of S.B. 106, the General Assembly specifically stated that R.C. 2744.02 applied "only to causes of action that accrue[d] on or after the effective date of this act. Any cause of action that accrues prior to the effective date of this act is governed by law in effect when the cause of action accrued." Thus, the legislative intent is now clear, and it is that intent upon which the Tenth District Court of Appeals relied in Jackson.
 {¶ 5} Based upon the foregoing analysis, we conclude that R.C. 2744.02(C) applies only to cases that arose after April 9, 2003, the effective date of the statute. Thus, it does not apply to the present action.
 {¶ 6} Accordingly, this appeal is hereby sua sponte dismissed due to lack of a final appealable order.
 {¶ 7} Appeal dismissed.
O'Neill, J., and Grendell, J., concur.