OPINION
{¶ 1} Defendant, National Union Fire and Insurance Company of Pittsburgh, PA ("National Union"), appeals from the judgment of the Franklin County Court of Common Pleas granting plaintiffs' motion for summary judgment and finding them to be insureds under its policy, and denying its motion to compel arbitration. For the following reasons, the judgment is dismissed and remanded in part and affirmed in part.
 {¶ 2} On September 28, 1998, plaintiffs, Christy and Robert Tinker, suffered injuries in an accident when they collided with a vehicle operated by defendant Christy Oldaker ("Oldaker"). Oldaker was insured by Mid Century Insurance Company ("Mid Century") with limits of $100,000 per person and $300,000 per accident. Plaintiffs settled with Mid Century and Oldaker was dismissed as a defendant.
 {¶ 3} Mrs. Tinker was employed by Ohio Gastroenterology Group, Inc., which was insured by Cincinnati Insurance Company ("CIC") for commercial automobile liability. CIC's policy limit was $1,000,000 with umbrella limits of $1,000,000 in excess of $1,000,000. Mr. Tinker was employed by ABB Automation, Inc. ("ABB"), which was insured by National Union for commercial automobile liability having liability limits of $5,000,000 and uninsured/underinsured motorists ("UM/UIM") coverage in the amount of $25,000 per person and $50,000 per accident. Plaintiffs sued ABB but not National Union.
 {¶ 4} On August 16, 2001, CIC filed a motion for summary judgment. On December 17, 2001, the trial court held Mrs. Tinker was insured under the CIC policy entitled to $1,000,000 UM/UIM coverage. On November 28, 2001, plaintiffs and CIC filed an agreed motion to compel joinder of National Union. On January 4, 2002, the trial court ordered National Union be joined as a party. On August 6, 2002, National Union filed a motion for summary judgment. The trial court held Mr. Tinker was entitled to UM/UIM coverage under National Union's policy.
 {¶ 5} On September 20, 2002, CIC filed a motion for reconsideration of the trial court's decision finding Mrs. Tinker an insured under its policy for purposes of UM/UIM. On November 19, 2002, the trial court reversed its decision and held that both plaintiffs were insureds under National Union's policy entitled to UM/UIM coverage. The trial court further held the CIC policy provided excess coverage to National Union's policy. On December 2, 2002, the day trial was supposed to begin, National Union filed a motion to compel arbitration under the policy's Ohio Uninsured Motorists Coverage — Bodily Injury Endorsement ("UM/UIM endorsement"). The UM/UIM endorsement contains the following language:
ARBITRATION
a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. * * *
 {¶ 6} The trial was continued and National Union withdrew its motion to attempt settlement. No settlement was reached. The case was again set for trial March 31, 2003. National Union renewed its motion to compel arbitration. Ultimately, the trial court denied the motion. The trial court held National Union waived its right to arbitration by waiting until the day trial was to commence, participating in discovery, depositions, and settlement discussions. Two appeals were filed by National Union, 03AP-1036 dealing with the insurance coverage issues, and 03AP-671 dealing with the denial of its motion to compel arbitration and stay proceedings. Those appeals were consolidated and are addressed together in this opinion.
 {¶ 7} National Union asserts the following assignments of error[1] in Case No. 03AP-1036:
[1.] The Trial Court erred in granting Tinker's Motion for Summary Judgment and denying National Union's Motion for Summary Judgment since Tinker was not in the course and scope of his employment with ABB at the time of the accident.
[2.] The Trial Court erred in granting Tinker's Motion for Summary Judgment and denying National Union's Motion for Summary Judgment since ABB was self-insured.
[3.] The Trial Court erred in granting Tinker's Motion for Summary Judgment and denying National Union's motion for summary judgment since ABB selected a lower UM/UIM limit.
[4.] The Trial Court erred in granting Cincinnati Insurance's Motion for Reconsideration since any coverage provided by National Union is excess.
 {¶ 8} National Union's sole assignment of error in Case No. 03AP-671:
[1.] Whether the trial court erred and committed reversible error as a matter of law when it denied the motion to compel arbitration and dismiss plaintiffs' claims, or in the alternative, to stay proceedings pending arbitration of defendant-appellant [National Union].
 {¶ 9} Subsequent to the trial court proceedings, the Supreme Court of Ohio decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Galatis limited the application ofScott-Pontzer and held the following:
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. * * *
3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured.
Galatis, at ¶ 2 and 3 of the syllabus. (Citations omitted.)
 {¶ 10} This court has applied Galatis retrospectively to pending cases. Burt v. Harris, Franklin App. No. 03AP-194, 2004-Ohio-756. The court limited the application ofScott-Pontzer to an employee who had an accident while he or she was within the course and scope of their employment. Id. The court also overruled Ezawa v. Yasuda Fire Marine Ins. Co. ofAm. (1999), 86 Ohio St.3d 557. The court limited recovery to family members who were actually named insureds. Id.
 {¶ 11} Initially, we must address whether a final appealable order exists in this case. This court's jurisdiction is limited to the review of judgments or final orders of trial courts.Jackson v. City of Columbus, 156 Ohio App.3d 114,2004-Ohio-546. In order to determine whether an order is final and appealable, we must consider whether the order meets the requirements of R.C. 2505.02, and if applicable, Civ.R. 54.Burt, supra, citing Chef Italiano Corp. v. Kent State Univ.,
(1989), 44 Ohio St.3d 86, syllabus. Under R.C. 2505.02, an order is final and may be reviewed, affirmed, modified, or reversed "when it is one of the following: (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." The Supreme Court of Ohio has previously recognized a declaratory judgment action as a "special proceeding." Burt, supra, citing General Acc. Ins.Co. v. Ins. Co. of North America (1989), 44 Ohio St.3d 17, 22.
 {¶ 12} Here, the amended complaint arguably seeks, in part, a declaration that Mr. and Mrs. Tinker were insureds under the respective policies.[2] However, the amended complaint clearly seeks damages from CIC and National Union (via ABB) under the applicable policies. The trial court did not reach the issue of damages prior to National Union's notice of appeal. We are cognizant that the trial court included language, pursuant to Civ.R. 54(B), stating that there was no just cause for delay.
 {¶ 13} Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." However, the inclusion of the certification language does not turn an otherwise non-final order into a final appealable order.Jackson, supra; Kemerer v. Antwerp Bd. of Ed. (Jan. 12, 1994), Paulding App. No. 11-93-3. The order appealed from must be final as defined by R.C. 2505.02. Id., quoting Wisintainer v.Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354 (stating the determination of whether an order is final is a two step process; in the first step the reviewing court should focus on whether the order sought to be appealed from affects a substantial right and whether it in effect determines an action and prevents a judgment). "An order that affects a substantial right is `one which, if not immediately appealable, would foreclose appropriate relief in the future.'" Burt, supra.
 {¶ 14} In this case, the amended complaint seeks damages for injuries sustained as a result of the accident. The trial court has not yet addressed damages. We find that if review is delayed until after appellees' action is fully adjudicated, National Union still has appropriate relief available to it in the future, in the form of another appeal. Id. Thus, even assuming the order was rendered in a special proceeding, it does not "affect" a substantial right. Accordingly, we conclude the trial court's decision granting appellees' motion for summary judgment and denying National Union's motion is not a final appealable order and we lack jurisdiction to rule on appellant's assignments of error. Therefore, appellant's case number 03AP-1036 is dismissed.
 {¶ 15} As a sidenote, appellee attempted to avoid the application of Galatis by filing a notice of voluntary termination in the trial court. Appellees' attempt must fail. It is well established that once an appeal has been perfected the trial court loses jurisdiction over the matter, except for collateral matters, pending the outcome on appeal. Bryant HealthCenter, Inc. v. Ohio Dept. of Job and Family Services, Franklin App. No. 03AP-482, 2004-Ohio-545. Vavrina v. Greczanik (1974),40 Ohio App.2d 129, 132 ("If after entering a final judgment, a timely notice of appeal is filed the trial court does not have authority to act during the pendency of the appeal").
 {¶ 16} In this case, National Union filed its notice of appeal on October 17, 2003, including an appeal of the trial court's denial of arbitration. The appeals were consolidated. National Union filed its appellate brief on December 8, 2003. On December 24, 2003, after National Union's brief was filed and after the Galatis decision was rendered, appellee filed its notice of case termination in the trial court, citing Civ.R. 41(A). Therefore, it is clear that National Union's notice of appeal was filed well before appellee's notice of case termination.[3] This is true even though we have determined the order appealed from is not yet final and appealable.
 {¶ 17} Based on the above, we find the trial court's decision granting appellees' motion for summary judgment was not a final appealable order. Therefore, the appeal is dismissed and remanded to the trial court for further proceedings in accordance with law. On remand we note that Galatis will likely dispose of the claims so long as there is evidence that Mr. Tinker was not acting in the course and scope of employment at the time of the accident.[4]
 {¶ 18} In case number 03AP-671, National Union contends the trial court erred in denying its motion to compel arbitration and stay the proceedings. We disagree. The standard of review for a decision denying a motion to compel arbitration and stay proceedings is whether the trial court abused its discretion.Atkinson v. Dick Masheter Leasing II, Inc., Franklin App. No. 01AP-1016, 2002-Ohio-4299. Abuse of discretion connotes more than an error of law or judgment. Id. It implies that the court acted arbitrarily, unreasonably, or unconscionably. Id. Arbitration is encouraged as a method to settle disputes and a presumption arises when the claim in dispute falls within the scope of the arbitration provision. Battle v. Bill Swad Chevrolet, Inc.
(2000), 140 Ohio App.3d 185, 188, citing Williams v. Aetna Fin.Co. (1998), 83 Ohio St.3d 464, 471. The right to arbitrate, like any other contractual right, may be waived. Rock v. MerrillLynch, Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126,128. Due to Ohio's strong policy favoring arbitration, the party asserting a waiver has the burden of proving it. Atkinson,
supra.
 {¶ 19} A party asserting waiver must establish that (1) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right. Id.
 {¶ 20} In looking at the totality of circumstances, courts consider the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. Baker-Henning Productions, Inc. v. Jaffe
(Nov. 7, 2000), Franklin App. No. 00AP-36.
 {¶ 21} Waiver attaches where there is active participation in a lawsuit evincing an acquiescence to proceeding in a judicial forum. Atkinson, supra; Griffith v. Linton (1998),130 Ohio App.3d 746. For example, in Griffith, this court found that a motion for summary judgment seeking to declare a tortfeasor negligent constituted an election to proceed with litigation as opposed to arbitration. Id.
 {¶ 22} In the case at bar, National Union did not invoke the jurisdiction of the court without seeking to compel arbitration. However, National Union was joined as an indispensable party in January 2002. National Union wrote the policy at issue and knew of its right to arbitrate. The trial court found National Union acted inconsistently with its known right by not filing a motion to compel arbitration at any time prior to December 2, 2002, the morning of trial. Upon National Union's motion for a continuance, the trial was continued to March 31, 2003. National Union withdrew its motion to compel. Again, only several days before trial was to commence, National Union refiled its motion to compel arbitration. Further, National Union participated in discovery, trial depositions, pretrials, and settlement discussions. The trial court found appellees had likewise been preparing for trial and would be prejudiced if it stayed the proceedings. Based on these circumstances, we find no abuse of discretion in denying National Union's motion to compel arbitration and stay the proceedings. Accordingly, National Union's sole assignment of error in case number 03AP-671 is overruled.
 {¶ 23} Based on the foregoing, the order appealed from is not a final appealable order and the appeal is dismissed and remanded to the trial court. On remand, it is likely Galatis will be dispositive depending on the evidence regarding scope of employment. Further, appellees' attempt to voluntarily terminate the case is unavailing. The trial court is generally divested of jurisdiction on all but collateral matters as soon as an appeal is perfected. Finally, the trial court did not abuse its discretion in denying National Union's motion to compel arbitration.
 {¶ 24} Accordingly, National Union's appeal in case number 03AP-1036 is dismissed and remanded to the Franklin County Court of Common Pleas for further proceedings. National Union's sole assignment of error in case number 03AP-671 is overruled.
Appeal dismissed and remanded in Case No. 03AP-1036; and judgment affirmed in Case No. 03AP-671.
Bowman and Bryant, JJ., concur.
[1] CIC apparently tried to file an appellate brief; however, the brief was stricken as CIC failed to file a notice of appeal after the court allowed them to do so.
[2] Although it is questionable whether the amended complaint in this case seeks a declaratory judgment regarding whether appellees are insureds under the applicable policies, as opposed to merely an action for damages, we give appellees the benefit of the doubt and construe the complaint as seeking declaratory relief. If it were simply an action for damages, there would clearly be no final appealable order.
[3] As an additional sidenote, it is interesting that plaintiffs-appellees made a joint motion with defendants to the trial court asking for Civ.R. 54(B) language so that the parties could appeal. By attempting to dismiss under Civ.R. 41(A) in the trial court, plaintiffs-appellees attempt to circumvent their own motion.
[4] After reviewing the record, it is undisputed that Mrs. Tinker was not in the course and scope of employment. As noted earlier, the trial court found the CIC policy provided only excess coverage and found Mrs. Tinker to be an insured under National Union's policy based on the fact that she was Mr. Tinker's spouse, e.g., a family member. Therefore, whether Mrs. Tinker was in the course and scope of employment appears to be a non-issue.