OPINION
{¶ 1} Defendants-appellants, Michael Budd, et al, appeal a decision of the Mahoning County Common Pleas Court denying their motion for summary judgment premised on qualified immunity from Section 1983, Title 42, U.S. Code claims and political subdivision immunity under R.C. 2744.02(C). Because neither order is final and appealable, we lack subject matter jurisdiction on both claims and must dismiss the appeal.
 {¶ 2} On August 10, 2001, plaintiff-appellee, John Martynyszyn, filed a complaint for alleged civil rights violations and other torts seeking damages for actions which occurred during 2000. The complaint named the following as party defendants: Michael Budd, individually and in his official capacity as a deputy sheriff for Mahoning County; Randall Wellington, individually and in his official capacity as sheriff for Mahoning County; and the county itself including the board of commissioners (David Ludt, Vickie Sherlock, and Edward Reese). On December 16, 2002, appellants filed a motion for summary judgment which, among other things, asserted qualified immunity pursuant to Section 1983, Title 42, U.S. Code and statutory immunity pursuant to R.C. 2744, the Political Subdivision Tort Liability Act. On November 28, 2003, the trial court denied summary judgment to appellants, citing genuine issues of material facts. On December 23, 2003, appellants filed their notice of appeal from that judgment.
 {¶ 3} Appellants state two bases for jurisdiction in this appeal. First, appellants claim an interlocutory appeal right under Section 1291, Title 28, U.S. Code for denial of qualified immunity from Section 1983, Title 42, U.S. Code claims. Mitchellv. Forsyth (1985), 472 U.S. 511, 105 S.Ct. 2806, 86 L.E.2d 411. Second, appellants assert that the denial of statutory immunity under R.C. 2744.02 is a final, appealable order under R.C.2744.02(C).
 {¶ 4} We first analyze appellants' interlocutory appeal under the collateral final order doctrine of Section 1291, Title 28, U.S.Code. The U.S. Supreme Court has stated that Section 1983, Title 42, U.S. Code qualified immunity, under certain circumstances, "is an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth (1985),472 U.S. 511, 526-28, 105 S.Ct. 2806, 86 L.Ed.2d 411; see also Hunter v.Bryant (1991), 502 U.S. 224, 227-28, 112 S.Ct. 534,116 L.Ed.2d 589. Partly for this reason, federal appellate courts have jurisdiction to review the denial of qualified immunity on an interlocutory appeal, but only to the extent it "turns on an issue of law * * *." Mitchell, 472 U.S. at 530, 105 S.Ct. 2806,86 L.Ed.2d 411. This right is rooted in the "collateral order doctrine" embodied in Section 1291, Title 28, U.S. Code, which allows immediate appeal in the federal courts of certain "final decisions" that are completely separate from the merits of the action and effectively unreviewable on appeal after final judgment. Johnson v. Jones (1995), 515 U.S. 304, 310,115 S.Ct. 2151, 132 L.Ed.2d 238; Mitchell, 472 U.S. at 524-25,105 S.Ct. 2806, 86 L.Ed.2d 411. This interlocutory appellate review, however, is a matter of federal procedure and not a matter of federal substantive law. Johnson v. Fankell (1997),520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108.
 {¶ 5} The United States Supreme Court discussed the interplay between federal and state procedural law with regards to interlocutory appeals under Section 1983 in Johnson. In that case, Idaho state officials claimed qualified immunity under federal law, which the trial court denied. When they appealed, the Idaho Supreme Court, applying Idaho law, dismissed the appeal as a non-appealable, interlocutory order. Id. at 913-914. The state officials then appealed the case to the United States Supreme Court. There, the officials argued that Idaho state law, which does not allow an interlocutory appeal, was contrary to federal law and must be pre-empted. Id.
 {¶ 6} The Court disagreed and held that the Idaho Supreme Court had simply applied "a neutral state Rule regarding the administration of the state courts." Id. at 918. Furthermore, because that rule was not "outcome determinative," it does not lead to the ultimate disposition of the case, there was no indication that application of Idaho law would produce different results than application of federal law. Id. at 921. Thus, immediate appellate review of a qualified immunity denial "is a federal procedural right that simply does not apply in a nonfederal forum." Id. at 1806. The Court noted, "We have made it quite clear that it is a matter for each State to decide how to structure its judicial system. See, e.g., M.L.B. v. S.L.J.,
519 U.S. ___ (1996) (slip op., at 6) (States under no obligation to provide appellate review) (citing cases); Kohl v. Lehlback,160 U.S. 293, 299, 40 L.Ed. 432, 16 S.Ct. 304 (1895) (`[T]he right of review in an appellate court is purely a matter of state concern'); McKane v. Durston, 153 U.S. 684, 688, 38 L.Ed. 867,14 S.Ct. 913 (1894) (`[W]hether an appeal should be allowed, and if so, under what circumstances or on what conditions, are matters for each State to determine for itself')." Id. at 922, fn. 13. Accordingly, we must look to the law of Ohio to determine the propriety of interlocutory review in this case.
 {¶ 7} Courts of Appeals in Ohio have subject matter jurisdiction only to the extent conferred by Article IV, Ohio Constitution. Section 3(B)(2), Article IV, Ohio Constitution, grants jurisdiction "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Normally, an order is not final and appealable unless it falls into one of the categories listed in R.C. 2505.02(B). See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. R.C. 2505.02(B) provides:
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply;
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 16} R.C. 2502.02(B)(1) is the only potential category for the current case. Under R.C. 2505.02(B)(1), to become a final order, the order must effectively determine the action and prevent judgment. When considering whether the order determines an action and prevents a judgment, the question is whether, in light of the order, appellants may still obtain a judgment in the matter against appellee. Wisintainer v. Eclen Power Strut Co.
(1993), 67 Ohio St.3d 352, 355, 617 N.E.2d 1136.
 {¶ 17} The general rule in Ohio is that denial of a motion for summary judgment does not determine the action and prevent a judgment and thus generally does not constitute a final order under R.C. 2505.02. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90, 554 N.E.2d 1292; Rulli v. Rulli, 7th Dist. No. 01 CA 114, 2002-Ohio-3205, at ¶ 11. The denial of summary judgment merely affords appellants the opportunity to have their day in court. See id. at ¶ 12. This rule holds true for the present case. The trial court's denial of summary judgment for qualified immunity merely postpones the final disposition of both the immunity claim and the merits of the case until trial. Appellants retain all substantial rights. Therefore, denial of summary judgment for qualified immunity is not a final and appealable order and cannot vest this court with jurisdiction to hear appellants' claims. Ohio Civ. Serv. Emp. Assn. v. Moritz
(1987), 39 Ohio App.3d 132, 133, 529 N.E.2d 1290; Lutz v.Hocking Tech (May 18, 1999), 4th Dist. No. 98 CA 12; Shane v.Tracy (Aug. 24, 2000), 8th Dist. No. 77025.
 {¶ 18} Next, we examine the denial of appellants' alleged statutory immunity claim under R.C. 2744.02 as a basis for appellate jurisdiction. R.C. 2744.02(C) provides, "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Thus, on its face, R.C. 2744.02(C) states that denial of immunity under R.C. 2744.02 is a final, appealable order. Notwithstanding the plain meaning of the statute, we must review the legislative history of R.C. 2744.02(C) to determine the applicability of that section to the present case.
 {¶ 19} Paragraph (C) was originally added to R.C. 2744.02 in Am.Sub.H.B. 350 effective January 27, 1997. However, the Ohio Supreme Court found that Am.Sub.H.B. 350 was unconstitutional in its entirety on August 16, 1999 in State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451,715 N.E.2d 1062.
 {¶ 20} The Legislature again added Paragraph (C) to R.C.2744.02 in 2000 S.B. No. 106, effective April 9, 2003. A portion of S.B. 106 was uncodified. In the uncodified law in Section 3 of S.B. 106, the General Assembly specifically stated that R.C.2744.02 and other statutes "as amended by this act, apply only to causes of action that accrue on or after the effective date of this act. Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued."
 {¶ 21} In Jackson v. Columbus, 156 Ohio App.3d 114,804 N.E.2d 1016, 2004-Ohio-546, the Tenth District recently held that the uncodified portion of S.B. 106 unequivocally expressed "the legislative intent that R.C. 2744.02(C) is to operate prospectively, not retroactively, and is to apply to a plaintiff's cause of action that accrues on or after, not before, the effective date of the Act. * * * Moreover, the `causes of action' the legislative statements refer to include underlying actions, or lawsuits, pending before a court." (Citations omitted.) Id. at ¶ 13. Accordingly, an order denying statutory immunity under R.C. 2744.02 is not a final order unless the underlying cause of action accrued before August 16, 1999, the date Am.Sub.H.B. 350 became unconstitutional, or after April 9, 2003, the effective date of S.B. 106. Id. at ¶ 12; Oliver v.Phelps, 11th Dist. No. 2003-T-0184, 2004-Ohio-2787; Kraynak v.Youngstown City Schools (June 15, 2004), 7th Dist. No. 03-MA-171 (Journal Entry).
 {¶ 22} In this case, appellee filed his complaint on August 10, 2001 and the causes of action accrued during 2000. At that time, 2744.02(C) was unconstitutional and does not provide a jurisdictional basis for us to consider the merits of the case.
 {¶ 23} Because the decision denying summary judgment based on qualified immunity and statutory immunity is not a final, appealable order, we do not have jurisdiction to address the merits of the parties' respective arguments. Appeal is dismissed and this cause of action is remanded to the trial court for further proceedings.
Waite, P.J., concurs.
DeGenaro, J., concurs.