{¶ 42} Because this court lacks jurisdiction to hear this appeal, I respectfully dissent from the majority opinion. In its July 30th memorandum supplementing its original appellate motion, the county correctly noted that this court does not have jurisdiction over this case because the order appealed is not "a final appealable order."
 {¶ 43} The foster mother's complaint stated that the alleged wrongdoing by the county and its agents occurred on or about February 4, 2003. When R.C. 2744.02(C) was revised, the legislature made the denial of a motion to dismiss based on sovereign immunity a final appealable order. That portion of the statute, however, did not go into effect until April 9, 2003.
In enacting S.B. 106, the legislature did not express any intent that R.C. 2744.02(C) is to operate retroactively; nor did it indicate that R.C. 2744.02, as amended, applies to pending cases in which the cause of action accrued prior to the effective date of the act, April 9, 2003. Cf. State ex rel. Kilbane v.Indus. Comm. (2001), 91 Ohio St.3d 258, 2001 Ohio 34,744 N.E.2d 708. To the contrary, in uncodified law in Section 3 of S.B. 106, the General Assembly specifically stated that R.C. 2744.02 and other statutes "as amended by this act, apply only to causes ofaction that accrue on or after the effective date of this act.
Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued." (Emphasis added by Jackson court.)
The legislative statements contained in the uncodified law in Section 3 of S.B. No. 106 unequivocally express the legislative intent that R.C. 2744.02(C) is to operate prospectively, not retroactively, and is to apply to a plaintiff's cause of action that accrues on or after, not before, the effective date of the act. LaSalle, supra. Moreover, the "causes of action" the legislative statements refer to include underlying actions, or lawsuits, pending before a court. See Black's Law Dictionary (7th Ed. 1999). In this case the "cause of action" is the Chief's claim for defamation against the City. The "cause of action" is not, as the City suggests, its right to appeal the trial court's June 6, 2003 order partially denying immunity to the City.
 {¶ 44} Jackson v. Columbus (2004), 156 Ohio App.3d 114, ¶¶ 12-13. See also Beam v. Iacovone, Lake App. No. 2003-L-199, 2004-Ohio-1163; Pannunizio v. Hubbard, Trumbull App. No. 2003-T-0143, 2004-Ohio-3930; Oliver v. Phelps, Trumbull App. No. 2003-T-0184, 2004-Ohio-2787; Dolis v. Tallmadge, Summit App. No. 21803, 2004-Ohio-4454.
 {¶ 45} In the case at bar, the law in effect at the time the foster mother filed her complaint did not allow the county to appeal a denial of its motion to dismiss as a final appealable order without any Civ.R 54(B) language. This court, therefore, has no jurisdiction to hear the appeal. Accordingly, the case should be dismissed or remanded to allow the court to add the 54(B) language.