OPINION
{¶ 1} This is an appeal from decisions of the Stark County Court of Common Pleas which denied Defendant-Appellant Stark County Board of Commissioner's Motion to Strike Evidence submitted by Appellee in response to Defendant-Appellant's Civ.R. 56 Motion and denial of such Motion.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts underlying this action are that on May 3, 2003, Sarah Allender violated a stop sign at the intersection of Route 172 and Alabama Avenue striking the vehicle of Amanda Cunningham.
 {¶ 3} This Appellant was joined as a defendant based on the assertions that the vision of Sarah Allender as to the stop sign was obscured by bushes or trees which this Appellant was required to trim.
 {¶ 4} Appellant, as stated, filed a motion for summary judgment and a motion to strike certain affidavits submitted by Plaintiff-Appellee which were denied.
 {¶ 5} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 6} "I. The trial court erred in failing to strike inadmissible and improper evidence presented by plaintiff-appellee in opposition to defendant-appellant's summary judgment motion.
 {¶ 7} "II. The trial court erred in denying summary judgment to defendant-appellant as the plaintiff-appellee failed to demonstrate a factual controversy to sustain his negligence claim."
 II. {¶ 8} We shall first address the Second Assignment of Error.
 {¶ 9} Normally, the denial of a motion for summary judgment does not constitute a final appealable order under R.C. 2505.02, and is thus not subject to immediate appeal. Id. Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 554 N.E.2d 1292. In accord with the general rule, the denial of a summary judgment motion is generally not final and appealable where, as here, the motion is premised upon the assertion of immunity from liability. See Stevens. Even if a trial court includes Civ.R. 54(B) language, its otherwise non-final order denying summary judgment does not become a final appealable order. Jackson v. City of Columbus,156 Ohio App.3d 114, 804 N.E.2d 1016, 2004-Ohio-546, ¶ 9, citing Noblev. Colwell (1989), 44 Ohio St.3d 92, 95-97, 540 N.E.2d 1381.
 {¶ 10} However, R.C. 2744.02(c) states:
 {¶ 11} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 12} We therefore must review de novo those matters before the trial court to determine the applicability of sovereign immunity to the facts involved before the question as to the appropriateness of this appeal can be resolved.
 {¶ 13} R.C. 2744 provides a three-tiered analysis for determining the availability of sovereign immunity to political subdivisions. R.C.2744.02(A)(1) provides that a political subdivision is generally not liable for injury, death or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of that political subdivision. This provision is generally referred to as the Ablanket immunity@ provision.
 {¶ 14} R.C. 2744.02(B) then lists five exceptions to the blanket immunity provision described above.
 {¶ 15} Subsection (B)(3) of such Section provides:
 {¶ 16} Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 17} Thus after examining those matters specified by Civ.R. 56 de novo, we conclude that, if Appellee is able to establish the facts, proximate cause, liability and damages alleged, immunity would not be applicable under the exception stated in R.C. 2744.02(B)(3).
 {¶ 18} Therefore, the second assignment of error is rejected.
 {¶ 19} It is unnecessary by this ruling to address the First Assignment of Error.
 {¶ 20} This appeal is affirmed at Appellant Stark County Board of Commissioner's costs.
By: Boggins, P.J., Hoffman, J., dissents without opinion, Farmer, J. concurs separately.