[Cite as *Martynyszn v. Budd*, 2011-Ohio-6785.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN MARTYNYSZYN, | ) | |
| | ) | CASE NO. 11 MA 191 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| MICHAEL BUDD, et al., | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 01 CV 2110.

JUDGMENT:      Appeal Dismissed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney John Juhasz
7081 West Boulevard, Suite 4
Youngstown, OH  44512

Attorney Gary L. VanBrocklin
Attorney James Gentile
The Liberty Building
42 North Phelps Street
Youngstown, OH  44503

For Defendants-Appellants:      Attorney Daniel T. Downey
Weston Hurd
10 W. Broad Street, Suite 2400
Columbus, OH  43215

JUDGES:
Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  December 7, 2011

[Cite as *Martynyszn v. Budd*, 2011-Ohio-6785.]

PER CURIAM:

{¶1} This matter comes on appeal from an October 19, 2011 judgment of the Mahoning County Court of Common Pleas which denied appellants' (Sheriff Randall Wellington and former Major Michael Budd) motion for leave to file a motion for reconsideration of a prior order denying their motion for summary judgment. For the reasons that follow we dismiss this appeal for lack of a final appealable order. Such ruling moots appellants' emergency motion to stay pending appeal.[1]

{¶2} The appellants here had previously attempted to appeal a November 28, 2003 order denying their motion for summary judgment premised on federal qualified immunity and statutory immunity under R.C. 2744.02(c).

{¶3} In an opinion issued August 31, 2004 this Court held that the decision denying summary judgment based on qualified immunity and statutory immunity was not a final appealable order. *Martynyszyn v. Budd*, 7th Dist. 2004-Ohio-4824.

{¶4} Regarding qualified immunity this Court reasoned that " * * * denial of a summary judgment for qualified immunity merely postpones the final disposition of both the immunity claim and the merits of the case until trial. Appellants retain all substantial rights." *Budd*, supra at ¶17. Other appellate districts share this view. *Budd* at ¶17.

{¶5} Statutory immunity under paragraph (c) to R.C. 2744.02 was added in Am.Sub.H.B. 350, effective January 27, 1997. However, that provision was ruled unconstitutional in its entirety on August 16, 1999 in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 80 Ohio St.3d 451, 715 N.E.2d 1062. That ruling was

---

[1] We further note that the trial court continued the trial scheduled for November 28, 2011. This ruling also

addressed in 2000 S.B. No. 106 which again added paragraph (c) to R.C. 2744.02. However, the addition to the statute did not become effective until April 3, 2003. And in the uncodified section of the statute the General Assembly specifically stated that R.C. 2744.02 as amended "apply only to causes of action that accrue on or after the effective date of this act." The acts complained of in this action occurred during calendar year 2000, after the *Sheward* decision and before the effective date of the amendment to R.C. 2744.02 recognizing that an order denying an employee of a political subdivision the benefit of an alleged immunity as a final order.

{¶6} R.C. 2744.02(c) has been litigated extensively on the issue of the right to an immediate appeal. In *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878 a divided Supreme Court reversed a Second District decision and held that a trial court's decision denying a city's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact was a final appealable order. The majority reasoned that a plain reading of the statute does not require a final denial of immunity before there is a right to an interlocutory appeal. *Hubbell* at ¶12.

{¶7} In *Summerville v. City of Forest Park* 128 Ohio St.3d 221, 2010-Ohio-6280 the Ohio Supreme Court, in a 4-3 decision reconciled R.C. 2744.02(c) and R.C. 2744.02(E) and held that an order denying a motion for summary judgment for claims brought under Section 1983, Title 42, U.S. Code is a final appealable order pursuant to R.C. 2744.02(c). *Summerville*, syllabus.

---

rendered the motion moot.

{¶8} There can be no question that under current law there is a right to an interlocutory appeal from an order overruling such motion for summary judgment. However, under the unique facts of this case that occurred in the year 2000, such right does not exist.

{¶9} It is noted in *Blackenship v. Portsmouth Police Dept.* 4th Dist., 2006-Ohio-1617 that a number of appellate districts have determined that R.C. 2744.02(c) applies <u>only</u> (emphasis added) to causes of action that accrued on or after April 9, 2003, the effective date of S.B. 106. (citations noted in ¶5) None of the cited cases have been overturned on the proposition of law that R.C. 2744.02(c) applies only to cases that arose after April 9, 2003, the effective date of the statute.

{¶10} Accordingly, as this Court lacks jurisdiction to consider the appeal under R.C. 2744.02(c), as it existed in calendar year 2000, the appeal is hereby dismissed.

{¶11} Costs taxed against appellants.

Waite, P.J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.